```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

**UNITED STATES OF AMERICA**  :
:
**vs.**  : CRIMINAL ACTION NO. 10-00279-KD
:
**MATTHEW DALE HUDLESTON**  :

## ORDER

This action is before the Court on James Scroggins' Motion for Leave of Court to Provide Discovery to Defendant. (Doc. 20). According to Mr. Scroggins, his client, Defendant Matthew Dale Hudleston has been detained and has requested a copy of the discovery obtained from the Government so that he can study the materials in his cell; however, the Government has taken the position that pursuant to the agreement Mr. Scroggins signed when he was given the discovery, the discovery remains the property of the Government, and Mr. Scroggins is prohibited from distributing the discovery materials to either the Defendant or any third party.

In response, the Government argues that pursuant to department policy designed to protect cooperating witnesses who may be incarcerated and to avoid false witnesses who obtain discovery and then claim to have first hand knowledge, defense attorneys must sign, prior to the production of discovery, an agreement in which they agree not to provide copies to

defendants or third parties. According to the Government, Mr. Scroggins signed such an agreement, was provided the discovery at issue, and had an opportunity to review said discovery with Defendant before Defendant decided to plead guilty in this case. The Government contends that while there are some circumstances under which a defendant may be entitled to copies of discovery, the Defendant in this case has failed to articulate any reason for his request. (Doc. 23).

Rule 16 of the Federal Rules of Criminal Procedure provides as follows:

> **(E) Documents and Objects**. Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> **(i)** the item is material to preparing the defense;
>
> **(ii)** the government intends to use the item in its case-in-chief at trial; or
>
> **(iii)** the item was obtained from or belongs to the defendant.

F.R.Cr.P. 16(a)(1)(E).

While this rule clearly affords criminal defendants the right to inspect, copy or photograph the Government's discovery under specific circumstances, F.R.Cr.P. 16(d) provides that for good cause shown, the Court may deny, restrict or defer

discovery or inspection, or grant other appropriate relief. As a preliminary matter, the undersigned observes that the record reflects that Defendant on April 22, 2011, pled guilty to the sole bank robbery charge in this case (Doc. 22); thus, he cannot establish that the requested discovery is material to the preparation of his case or that the Government intends to rely upon the material in its case-in-chief. Further, there has been no assertion that the requested material was obtained from or belongs to the Defendant. Assuming *arguendo* that Defendant had made such a showing, he has not addressed the Government's contention that allowing discovery materials to be freely disseminated in the prisons poses a potential security issue. He has likewise failed to articulate why he needs to possess a copy of the discovery separate and apart from the discovery material that his counsel has already reviewed with him. Accordingly, James Scroggins' Motion for Leave of Court to Provide Discovery to Defendant (Doc. 20) is denied.

**DONE** this **5th** day of **July, 2011.**

                                           /s/Sonja F. Bivins
                              **UNITED STATES MAGISTRATE JUDGE**